IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAJ PROPERTIES, LLC d/b/a Valley Oak Apartments | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION H-10-4134 |
| GAB ROBINS NORTH AMERICA, INC., ZURICH AMERICAN INSURANCE COMPANY, RICHARD SUKOLICS,SR., CERTAIN UNDERWRITERS AT LLOYDS LONDON, and LEXINGTON INSURANCE COMPANY, | § § § § § § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, arising out of an insurance claim made by Plaintiff TAJ Properties, LLC d/b/a Valley Oaks Apartments for damages to its commercial property, Valley Oaks Apartments, caused by a motor vehicle crashing into it in November of 2009, is TAJ's opposed motion to remand for lack of subject matter jurisdiction (instrument #7)based on improper joinder of Richard Sukolics, Sr.("Sukolics").

This case was removed on diversity grounds from the 334th Judicial District Court of Harris County, Texas by Defendants GAB Robins North America, Inc. ("GAB") and Richard Sukolics, Sr., who

-1-

like Plaintiff, is a resident of the State of Texas.[1]  Defendants maintain that Sukolics, who inspected and adjusted the claim for GAB, was improperly joined to deprive this federal court of subject matter jurisdiction.

After review of Plaintiff's Original Petition (#1-1), the parties' briefs, and the applicable law, this Court concludes that Plaintiff's motion to remand should be denied.

## Relevant Law

Under 28 U.S.C. § 1441(a)[2] any state court action over which federal courts would have original jurisdiction may be removed from state to federal court.  *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co.*

---

[1] Defendants Zurich American Insurance Company and Certain Underwriters at Lloyds London have been dismissed previously (#15 and #26).

[2] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

*of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

Under 28 U.S.C. § 1441(b), when original federal jurisdiction is based on diversity, as is claimed by Defendants here, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The doctrine of improper joinder, or fraudulent joinder,[3] prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

"A claim of fraudulent joinder must be pleaded with particularity and supported by clear and convincing evidence."

---

[3] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1141 and 1332. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005).

-3-

*Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964).   Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court.  *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573.   The latter situation is asserted here.   Defendants claiming  improper joinder based on the second type bear a heavy burden of showing that there is no possibility of recovery by the plaintiff against the in-state defendant, i.e., in other words that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576.   A "reasonable basis" means more than a mere a hypothetical basis.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

    To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis."  *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009).  First the court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state

defendant.  *Smallwood*, 385 F.3d at 573.  If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence. *Georgia Gulf*, 342 Fed. Appx. at 915-16.  Discovery should be restricted and the summary inquiry should be limited to identifying "discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant; anything more risks 'moving the court beyond jurisdiction and into the resolution of the merits . . . .'" *Id.* at 916, *quoting Smallwood*, 385 F.3d at 573-74.  A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).  Furthermore, where the reasons for finding that there is no reasonable basis for recovery against the in-state defendant would also dispose of all claims against the diverse defendants, the entire case should be remanded because "there is no improper joinder; there is only a lawsuit lacking merit." *Id.* at 574.

Moreover, "the existence of even a single valid cause of action against the in-state defendants (despite the pleading of several unavailing claims) requires remand of th entire case to state court." *Grey v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 & n.11 (5th Cir. 2004)(and cases cited therein).

The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281. The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).

### Plaintiff's Motion to Remand (#7)

Plaintiff insists it has stated a valid cause of action against non-diverse Defendant Sukolics under the Texas Insurance Code.

Chapter 541, Subchapter A prohibits any "person" from engaging in deceptive trade practices in the business of insurance. The term "person" is defined as "any **individual**, corporation, association, partnership, . . . And any other legal entity engaged in the business of insurance, including agents, brokers, **adjusters** and life insurance counselors." Tex. Ins. Code Ann. Sec. 541.002 (2005)(emphasis added). Moreover Chapter 541.003 (2005) provides a private cause of action against any person who engages in unfair or deceptive acts as provided in section 3 of the subchapter. Tex. Ins. Code Ann. Sec. 541.003   In *Liberty Mutual Ins. Co. V.*

*Garrison Contractors, Inc.*, 996 S.W. 2d 482, 486-87 (Tex. 1998), the Texas Supreme Court held that the term "person," for purposes of imposing liability, is not limited to business entities but includes individual and company employees who engaged in the business of insurance. Therefore the wrongful conduct of an insurance adjuster can give rise to personal liability even if he is in a subordinate relationship with the insurance carrier. *See also Gasch v. Hartford Accident and Indemnity Co.*, 491 F. 3d 278, 282-83 (5th Cir. 2007)(holding that Texas law "clearly authorizes Article 21.21 [541.060] actions against insurance adjusters in their individual capacities."). Plaintiff cites numerous cases in federal court in Texas that have held that an adjuster charged with allegations similar to those here was not fraudulently joined and remanded the case. This Court agrees with Plaintiff that Texas law recognizes causes of action against insurance adjusters in their individual capacities under the Texas Insurance Code.

### GAB's Response (#9)

GAB points out the Plaintiff has failed to cite this District's and Division's numerous opinions finding fraudulent joinder and rejecting remand under virtually identical facts to those here. It emphasizes that Plaintiff has not addressed whether the Original Petition states a claim against the adjuster for his work as the adjuster. *See TAJ Properties, L.L.C. v. Zurich Am. Ins, Co.*, Civ. A. No. H-10-2512, 2010 WL 4923473 (S.D. Tex. Nov.

29, 2010)(Werlein, J.)(finding the allegations were near verbatim recitation of portions of Chapter 541 of the Texas Insurance Code that failed to describe any actionable conduct by the adjuster individually, but only asserted them against all "Defendants"; thus the petition failed to provide a reasonable basis for recovery against the adjuster)(copy attached as Exhibit A). *In accord Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, Civ. A. No. H-09-1738, 2009 WL 3602043, *4 (S.D. Tex. 2009). *See also Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256, 260 (5th Cir. 1995)(finding that the complaint did not support a claim against the agent because it did not mention the agent in the facts or causes of action). *Cf. Cruz v. Standard Guar. Ins. Co.*, H-10-352, 2010 WL 2269846, *3 (S.D. Tex. June 4, 2010)(adjuster was properly joined when separate causes of action were alleged against him, individually).

### Court's Decision

The Court examines Plaintiff's Original Petition to determine if Plaintiff provides reasonable basis for predicting that state law would allow recovery against Sukolics. *Travis*, 326 F.3d at 649; *Smallwood*, 385 F.3d at 576. Aa noted, a "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon and is tied

to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

All of the Original Petition's "factual" allegations do not name Sukolics, but are asserted against "Defendants" jointly, and track the very general language of the statutes:

13. Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

14. Defendants improperly paid Plaintiff's claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

15. Defendants failed to perform its [sic] contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants. Such conduct constituted breach of the insurance contract between Defendants and Plaintiff.

16. Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

17. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although it [sic] was aware of its [sic] liability to Plaintiff under the policy. Defendants' conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act, Tex. Ins. Code Section 541.060(2).

18. Defendants failed to explain to Plaintiff the reasons for its [sic] offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanations why full

payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it [*sic*] provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*, Tex. Ins. Code Section 541.060(3).

19.  Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants.  Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*, Tex. Ins. Code Section 541.060 (4).

20.  Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.  Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*, Tex. Ins. Code Section 541.060(7).

21.  Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims and beginning investigations of Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claims within fifteen (15) days of receiving notice of Plaintiff's claims.  Defendants' conduct constitutes violations of the *Texas Prompt Payment of Claims Act*, Texas Ins. Code Section 542.055.

22.  Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information.  Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*, Tex. Ins. Code Section 542.056.

23.  Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed

-10-

and, to date, Plaintiff has not yet received full payment for the claims. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*, Tex. Ins. Code Section 542.055.

24. From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on [*sic*] to deny the full payment. Defendants['] conduct constitutes breaches of the common law duty of good faith and fair dealing. . . .

30. Defendants' conduct constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act*, Tex. Ins. Code Chapter 541. All violations under this article are made actionable by Tex. Ins. Code Section 541.151.

31. Defendants' unfair practice as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060, and 541.061.

32. Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

33. Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Ann. Sections 541.051, 541.060 and 541.061.

34. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or

-11-

deny coverage of the Plaintiff's claims or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

35. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an[d] unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code Section 541.051, 541.060 and 541.061.

This Court concurs with Judge Ewing Werlein in *Taj Properties* and Judge Sim Lake in *Lakewood Chiropractic* that Plaintiff's failure to name Sukolics and to distinguish the conduct of Sukolics from that of the other Defendants and its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster, Sukolics.  *Travis*, 326 F.3d at 649; *Smallwood*, 385 F.3d at 576.  The Court finds that GAB has met its burden of demonstrating improper joinder of the adjuster to deprive this Court of diversity jurisdiction in highlighting Plaintiff's complete  failure to allege facts relating to the specific  role and wrongful conduct of the adjuster, individually, as an adjuster. *See also Jimenez v. Travelers Indemn. Co.*, 2010 WL 1257802, *5-7 (S.D. Tex. Mar, 25, 2010); *Weldon Contractors Ltd. V. Fireman's Fund Ins, Co.*, No. 4:09-CV-165-A. 2009 WL 1437837, *3-4 (N.D. Tex. May 22, 2009)(finding improper joinder where allegations listing Insurance Code provisions and alleging that both defendants violated them were merely "legal conclusions couched as factual

-12-

allegations" and stating that the plaintiff failed to allege facts showing that the adjuster performed any act that could be a violation of these provisions); *First Baptist Church of Mauriceville, Tex. V. GuideOne Mutual Ins. Co.*, No. 01-CV-988. 2008 WL 4533729, *6 (E.D. Tex. Sept. 29, 2008)(finding that the petition's listing of violations of the Insurance Code committed by the insurance company and incorporating those violations against the adjuster failed to state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster] . . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code"); *Frisby v. Lumbermens Mut. Cas. Co.*, Civ. A. No. H-07-015, 2007 WL 2300331, *4 (S.D. Tex. Feb. 20, 2007)(holding that a complaint alleging joint violation of statutory provisions of the Insurance Code by the insurance company and the adjuster did "not sufficiently separate those actions attributable to [the insurance company] from those attributable to [the adjuster]").

Accordingly, the Court

ORDERS that Plaintiff's motion to remand (#7) is DENIED and

-13-

Defendant Sukolics is DISMISSED with prejudice.

**SIGNED** at Houston, Texas, this __2nd__ day of __June__, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE